UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL L. WHITE,

    Appellant,

v.

ESTATE OF CHARLIEMAE JOHNSON,

    Appellee.

Case No. 18-11082
Honorable Laurie J. Michelson

---

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT ORDER DENYING DEBTOR'S MOTION TO SET ASIDE DEFAULT JUDGMENT**

---

According to Charliemae Johnson's Estate, Johnson paid Earl White $45,000 to renovate her fire damaged home. White failed to do the work but kept the money. After White filed for bankruptcy, the Estate filed an adversary proceeding to prevent the $45,000 debt from being discharged. White failed to respond, and a default judgment was entered. The Bankruptcy Court declined to set aside the default judgment, finding no excusable neglect. White now appeals that ruling. Finding no abuse of discretion, the decision of the Bankruptcy Court is AFFIRMED.

**I.**

Earl White filed for bankruptcy protection on June 29, 2016. (ECF No. 6, PageID.87.) The Estate of Charliemae Johnson filed an adversary proceeding on November 18, 2016, objecting to the discharge of a certain debt. (ECF No. 3, PageID.18-21.)

According to the complaint initiating that adversary proceeding, Johnson hired White, a contractor, to renovate her home after it sustained fire damage. (ECF No. 3, PageID.19.) From her insurance proceeds, Johnson paid White $45,234.00 in advance of the work. (*Id*.) But White "fail[ed] to do th[e] renovation work and/or pay for all construction labor and materials." (ECF

No. 3, PageID.20.) The complaint alleged one count of Fraudulent Violation of Builder's Trust Fund Act. (ECF No. 3, PageID.19.) The Estate sought an order precluding White from discharging the debt and for a judgment of $45,234.00. (ECF No. 3, PageID.21.)

As permitted by Bankruptcy Rule 7004(b)(1), the summons and complaint were served on both White and his counsel on November 23, 2016, by regular, first class mail. (ECF No. 3, PageID.24.) Service on White was made at the Southfield, Michigan address listed in White's bankruptcy petition and on the docket in White's bankruptcy case. *See In the Matter of Earl L. White*, No. 16-49404 (Bankr. E.D. Mich. June 29, 2016).

White subsequently filed a motion to set aside/vacate the discharge and have the bankruptcy case dismissed. (ECF No. 6, PageID.87.) This motion was conditionally granted; the condition being White had to first pay the Trustee $2,000. (ECF No. 8, PageID.101.) Evidently, the fee was not timely paid. (*Id*.)

Meanwhile, White had failed to respond to the complaint in the adversary proceeding. So on December 28, 2016, the clerk entered default. (ECF No. 3, PageID.26.) A few months later, White's bankruptcy counsel withdrew. (ECF No. 2, PageID.28.) And on May 3, 2017, the Estate filed a motion for entry of a default judgment denying discharge of debt. (ECF No. 3, PageID.27.) The Estate's counsel served White by mail at the Southfield address. (ECF No. 3, PageID.31, 35.) White did not respond to the motion. Thus, on May 26, 2017, a default judgment was entered. (ECF No. 3, PageID.39-40.) It, too, was served on White at the Southfield address. (ECF No. 3, PageID.41.) None of these mailings to White were returned. (ECF No. 3, PageID.55.)

In an effort to collect on the debt, the Estate seized several of White's vehicles. That got his attention. With new counsel, White filed a motion pursuant to Federal Rule of Civil Procedure 60(b) to set aside the default judgment and for a temporary restraining order to prevent the sale of

the vehicles. (ECF No. 3, PageID.42.) White argued that he was not served with pleadings related to the withdrawal of his counsel or the default judgment and thus, was unaware of them. (ECF No. 3, PageID.48.) He also claimed, without elaboration, that he "has a good and meritorious defense against the allegations in the" adversarial complaint. (*Id.*)

At the hearing on the motion to set aside the default judgment, White's counsel disclosed that White was no longer living at the Southfield, Michigan address. But he did not know when White moved or whether White had provided a forwarding address to the post office.

The Bankruptcy Court denied White's request to set aside the default. The Court stated that one of the duties of the debtor under Bankruptcy Rule 4002(a)(5) is to file a statement of any change of address. According to the Bankruptcy Court, White had failed to do so. And the Bankruptcy Court found that the Estate had properly served the complaint, motion for default judgment, and default judgment by mailing them to White's last known address. Thus, relying on the Bankruptcy Rules and *In re Villarreal*, 304 B.R. 882, 885 (B.A.P. 8th Cir. 2004), in which the court reiterated that "[p]ursuant to Federal Rule of Bankruptcy Procedure 4002(5), the debtor is required to file a statement of any change of the debtor's address," the Bankruptcy Court found no excusable neglect to warrant setting aside the default judgment. So the Bankruptcy Court denied the motion. Recording of Oral Argument, *Estate of Charliemae Johnson v. White*, No. 16-05065 (Bankr. E.D. Mich. Nov. 18, 2016); (ECF Nos. 33, 34; ECF No. 3, PageID.61).[1]

White timely filed this appeal.

---

[1] It was also revealed at the hearing that the 4 vehicles seized by the Estate had already been sold. So it would appear that White's request for injunctive relief is moot.

## II.

Because Federal Rule of Civil Procedure 60(b) "allows for some discretion in determining whether to grant . . . relief" from the entry of a default judgment, this Court reviews the Bankruptcy Court's decision to deny Rule 60(b) relief for an abuse of discretion. *McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002)); *see also In re Schoenlein*, 312 B.R. 600, 602, (B.A.P. 6th Cir. 2002) (citing *In re Baskett*, 219 B.R. 754, 757 (B.A.P. 6th Cir. 1998)). "A finding of an abuse of discretion must rest upon a definite and firm conviction that the trial court committed a clear error of judgment. This may occur where, for example, the [Bankruptcy] Court applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *In re Colangelo*, 414 B.R. 136, 140-141 (E.D. Mich. 2009) (citing *McCurry*, 298 F.3d at 592).

## III.

Federal Rule of Civil Procedure 60(b)(1) and (6) are made applicable in bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure. Under Rule 60(b)(1), a court may provide relief from a final judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Under Rule 60(b)(6), relief from a judgment may be granted for "any other reason that justifies relief." The Sixth Circuit has "repeatedly emphasized that Rule 60(b)(6) applies only in exceptional and extraordinary circumstances." *McCurry*, 298 F.3d at 596. White has made no showing of any exceptional circumstances.

So the Court will focus on Rule 60(b)(1). In determining whether to set aside a default judgment, the court considers the following factors: (1) whether the non-defaulting party will be prejudiced; (2) whether the defaulting party has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard Coastline Railroad*,

705 F.2d 839, 845 (6th Cir. 1983). When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292, (6th Cir. 1992). "It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors." *Id*.

White has not shown "mistake, inadvertence, surprise, or excusable neglect." There is no dispute that White was served with the complaint in the adversary proceeding; indeed, the parties engaged in settlement negotiations. According to the proofs of service in the record, the subsequent motion for default judgment and resulting default judgment were served on White at the same address as the complaint. None of the mailings were returned. And this was the only address White supplied in the bankruptcy proceeding. As the Bankruptcy Court correctly found, "[White] clearly had an obligation under the bankruptcy code to provide a change of address to the court during [his] chapter 7 case as delineated in Federal Rule of Bankruptcy Procedure 4002(5). [His] failure to fulfill that duty is culpable conduct which directly led to the entry of the default judgment. Since Defendant was culpable, [he] has failed to satisfy the first prong of the proof needed to set aside default judgment." *In re Andrews*, No. 05-66973, 2006 Bankr. LEXIS 3630, at *7 (Bankr. N.D. Ohio 2006); *see also In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (affirming bankruptcy court's denial of motion to set aside default judgment where debtor failed to apprise the bankruptcy court of his forwarding address and was properly served under the Bankruptcy Rules).

White's arguments do not persuade. While alleging that the Bankruptcy Court abused its discretion in denying his motion to set aside the default judgment (ECF No. 6, PageID.88), he does not say how or why. Instead, he simply repeats the arguments he made to the Bankruptcy Court. True, his appeal brief states that he was not aware of his bankruptcy counsel's withdrawal or the

existence of the default judgment because "he was not properly or actually served with pleadings relevant to the withdrawal and/or the related default judgment." (ECF No. 6, PageID.90.) But the reason White may not have been "actually served" with certain motions and orders was because he did not, as he was required to do, keep a current address on file with the Bankruptcy Court. And White does not say why U.S. mail at his last known address did not amount to "proper[] . . . serv[ice]." So White's assertion that "he was not properly or actually served with pleadings relevant to the withdrawal and/or the related default judgment" does not establish the "mistake, inadvertence, surprise, or excusable neglect" that Rule 60(b)(1) requires.

Thus, the Bankruptcy Court did not abuse its discretion in denying the motion to set aside the default judgment for lack of excusable neglect. And so there is no need to address the other *United Coin* factors.

**IV.**

For the reasons set forth above, the Bankruptcy Court's March 20, 2018 order denying White's motion to set aside the default judgment is AFFIRMED.

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: November 26, 2018

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, November 26, 2018, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager